*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MAURICE R. GRIGGS,

UNPUBLICATION
March 21, 2025
9:34 AM

Plaintiff-Appellant,

v

No. 367992
Oakland Circuit Court
LC No. 2017-156637-CZ

TAMAROFF MOTORS INC, and
JEFFREY TAMAROFF,

Defendants-Appellees.

Before: MALDONADO, P.J., and LETICA and WALLACE, JJ.

PER CURIAM.

In this case arising from the purchase of an automobile in 2014, plaintiff appeals as of right the circuit court's orders dismissing the case with prejudice following the parties' agreement to settle the matter, and denying plaintiff's motion to set aside the settlement agreement. We affirm.

## I. FACTS

This is the fourth appeal to this Court in this matter.[1] The following description of earlier proceedings is derived largely from this Court's opinions in *Griggs v Tamaroff Motors, Inc*, unpublished per curiam opinion of the Court of Appeals, issued December 26, 2019 (Docket No. 345922) (*Griggs I*), and *Griggs v Tamaroff Motors, Inc*, unpublished per curiam opinion of the Court of Appeals, issued March 2, 2023 (Docket No. 361459) (*Griggs II*).[2]

---

[1] Plaintiff has proceeded *in propria persona* throughout all the trial and appellate proceedings.

[2] An earlier application for leave to appeal filed by plaintiff was denied "for failure to persuade the Court of the need for immediate appellate review." *Griggs v Tamaroff Motors Inc*, unpublished order of the Court of Appeals, entered May 31, 2018 (Docket No. 343422).

## A.  EARLIER PROCEEDINGS

On November 28, 2014, plaintiff signed an agreement for the purchase of a 2015 Honda Accord from defendants for the total price of $31,651, after a $500 rebate.  The parties subsequently modified the purchase agreement, due to plaintiff's qualification for a $500 military veteran discount, with the amount to be financed totaling $33,829.[3]  According to plaintiff, defendants told him the vehicle was sold to him at "dealer's cost."  Approximately 17 months later, plaintiff returned to defendants to purchase another vehicle.  At that time, plaintiff questioned whether the 2014 purchase was at "dealer's cost."  Unhappy with defendants' response, plaintiff filed his initial complaint on January 4, 2017.  *Griggs I*, unpub op at 1-2.

Plaintiff alleged fraudulent inducement and mistake, breach of contract, innocent misrepresentation, silent fraud, and unjust enrichment.  Plaintiff requested that the trial court rescind the vehicle purchase agreement, or "enter an Order against Defendants in an amount that exceeds $33,829.00 with respect to each claim set forth in this complaint, with attorney fees, costs, losses, punitive damages and any other amounts this Court deems justified."  *Griggs I*, unpub op at 2.

Defendants answered the complaint via e-mail and postal mail, but neglected to file their answer with the trial court.  Plaintiff filed a request for a default and a default judgment for a sum certain.  In an attached affidavit, plaintiff asserted that his claims were for a sum certain or could be made certain by computation.  Plaintiff specifically requested $33,829 in damages and $260 in costs.  The clerk subsequently entered a default and default judgment for $34,089.  *Griggs I*, unpub op at 3.

Defendants filed a motion for relief from judgment under MCR 2.612, which the trial court initially denied, but then on reconsideration concluded that the default had been improperly entered because the damages sought in the amended complaint were not for a sum certain and could not be readily calculated.  The court additionally concluded that the amended complaint violated MCR 2.113(F)(1), because plaintiff had failed to attach copies of the purchase agreements to it.[4]  The trial court subsequently granted defendants' motion for summary disposition under MCR 2.116(C)(7), agreeing that the complaint was untimely because the sales agreements required that any claims arising from the sale be filed within one year after the sale.  *Griggs I*, unpub op at 3.

This Court affirmed the trial court's decision to set aside the default judgment, concluding that the trial court correctly decided that the damages plaintiff sought were not for a sum certain, and the complaint did not provide a means to calculate the damages with certainty.  *Id*. at 4.  This

---

[3] The financed amount, $33,829, included license and title fees, and an "extended service plan."  Throughout this opinion, we will refer to the financed amount, $33,829, as the purchase price of the vehicle.

[4] Now codified as MCR 2.113(C), the subrule provides that if a claim is based on a written instrument, a copy of the instrument, or its pertinent parts, must be attached to the pleading, unless the instrument is "in the possession of the adverse party and the pleading so states . . . ."  MCR 2.113(C)(1)(b).

Court acknowledged that plaintiff's complaint included a request for a particular amount of money, but observed that plaintiff sought that sum as a minimum, and also sought such additional undefined amounts as punitive damages and whatever the court otherwise deemed appropriate, as well as equitable relief. This Court further noted that plaintiff had the use of the vehicle for several years, and that plaintiff's claims would require a determination of the value of that use. This Court concluded that the complaint did not seek a sum certain, "notwithstanding its *inclusion* of a request for a specified sum." *Id*. at 4-5.

However, this Court reversed the trial court's finding that the amended complaint violated MCR 2.113(F)(1), concluding that the complaint adequately stated that the purchase agreements were in defendants' possession. This Court further noted that defendants' counsel had conceded the propriety of the default, and opined that the trial court's order granting reconsideration "strongly suggests that the trial court failed to recognize any distinction between a default and a default judgment." *Griggs I*, unpub op at 5. This Court explained that, "aside from incorrectly holding that plaintiff's complaint violated MCR 2.113 and correctly setting forth proper reasons for setting aside the default *judgment*, the trial court provided no reasoning, explanation, or any other grounds for setting aside the default." *Id*. at 6. This Court concluded that the trial court had erroneously set aside the default, and remanded the matter to the trial court "for a hearing on plaintiff's damages and any other proceedings as the trial court deems appropriate." *Id*.

On remand, the trial court did not conduct a hearing on damages. Instead, the court granted defendants' second motion for relief from judgment, and entered a new order setting aside the default. Defendants then filed a second motion for summary disposition, the court granted the motion, and plaintiff filed a motion for reconsideration, contending that the order setting aside the default was contrary to the law of the case. The trial court denied plaintiff's motion, and plaintiff once again appealed to this Court. *Griggs II*, unpub op at 1-2.

This Court agreed with plaintiff that the law of the case required the trial court to comply strictly with this Court's order in *Griggs I* remanding for a hearing on damages. This Court acknowledged that the decision in *Griggs I* allowed the trial court to conduct other proceedings it deemed appropriate, but reasoned that the "other proceedings that the court had discretion to permit were implicitly limited to proceedings arising in connection with the hearing on damages or proceedings arising from new facts." *Griggs II*, unpub op at 2-3. This Court concluded that *Griggs I* did not authorize the trial court to reconsider the propriety of setting aside the default under MCR 2.612, and "[r]eversed and remanded for a hearing on damages." *Id*. at 3.

B. CURRENT PROCEEDINGS

Following this Court's decision in *Griggs II*, the trial court scheduled a status conference at which the parties agreed that the hearing on damages would be held before a jury. Plaintiff asked the trial court to explain the scope of the hearing and asserted that, in *Griggs I*, this Court was confused regarding whether the trial court had ruled that his claim for damages was for a sum certain. He asserted that if he could not present his damages as a sum certain, discovery would be necessary. The trial court responded that plaintiff was entitled to present whatever evidence he wanted to support claim for damages, in relation to the first amended complaint. However, the trial court explained, the amended complaint did not seek a sum certain because plaintiff requested damages in an amount comprising the purchase price, attorney fees, costs, punitive damages, and

any other amount the trial court deemed just. Plaintiff continued to dispute that reasoning, asserting that he stated the specific amount of $33,829, plus amounts exceeding that figure.

When plaintiff continued asserting the need for discovery, the trial court explained that this Court had "made it clear that the case was sent back for a hearing on damages. They did not say for me to allow discovery. They didn't say to conduct discovery. It's very clear [the] case is remanded for a hearing on damages." Noting that this Court had previously taken issue with the trial court's deviation from the remand order in *Griggs I*, the trial court stated that this Court's decision was very clear: "There is no discovery . . . at this point. It is just I'm setting a trial with a jury, and we're just going to try the case. I mean, that's what the Court of Appeals has told me to do . . . and that's what I'm going to do."

Defendants filed a motion to preclude plaintiff from referring to a sum certain, asserting that any reference to a sum certain would unfairly prejudice defendants and mislead the jury. In support of their motion, defendants attached an email from plaintiff indicating that he intended to argue to the jury that he was entitled to a sum certain and additional relief based upon the Michigan Court Rules. The trial court heard arguments on the motion at the final pretrial conference. Defendants asserted that this Court had unambiguously ruled there was no sum certain alleged in plaintiff's complaint, and the only issue was plaintiff's entitlement to damages. Plaintiff responded that this Court noted that if he had requested the exact purchase price of the vehicle as damages, "that obviously would be a sum certain." He then requested that he be allowed to present evidence that he had requested that amount.

The trial court noted that, in *Griggs I*, this Court had recognized that, although plaintiff's complaint included a request for a specific amount, he also requested such undefined amounts as punitive damages and whatever the trial court otherwise deemed reasonable. Plaintiff responded by indicating that the motion should be denied because the trial court had already indicated, on the record, that he was entitled to present evidence supporting all damages demanded in his amended complaint. The trial court expressed its agreement with this Court that the complaint did not request a sum certain and granted defendant's motion. But the court clarified that, by granting the motion, the court was not precluding plaintiff from presenting evidence in support of damages, "he just can't argue or reference the term sum certain." Despite the trial court's clear explanation of its ruling, plaintiff nonetheless contended that a trial would be a waste of time because he was unable to present any evidence to support his claim for damages.[5] The trial court announced a firm trial date, after which defendants' counsel requested that the parties be allowed to speak privately. The trial court granted that request, but the parties failed to reach any resolution, and the hearing concluded.

At 9:01 a.m. on September 11, 2023, the trial court entered an order granting defendants' motion to preclude any mention of a sum certain at the hearing on damages. Thirty minutes later, the parties appeared before the trial court for the hearing on damages. For the next 45 minutes,

---

[5] As will be explained below, plaintiff did not appear to understand that the court's ruling simply precluded him from using the term "sum certain" or arguing that he was entitled to sum certain. The court did not preclude him from introducing evidence of his damages at trial, including the purchase price of the vehicle, $33,829.

-4-

the parties and the trial court discussed sundry procedural matters, then took a brief recess while the jury pool was summoned. After reconvening, the trial court announced that the jury pool was ready, upon which plaintiff requested that he be allowed to speak with defendants' counsel.

When proceedings reconvened after another brief recess, defendants' attorney announced that a settlement had been reached, according to which defendants would pay plaintiff $17,500, plaintiff would keep the subject vehicle, and the case would be dismissed. Plaintiff then testified that he agreed with the terms of the settlement, had not been pressured to do so, was not under the influence of alcohol or any other drugs, and agreed that resolution of the case was the right thing for him. The trial court explained that plaintiff would be required to sign a release, the case would be dismissed, plaintiff would be barred from filing any future lawsuit related to this matter, and the case would be "resolved forever." Plaintiff testified that he agreed to those terms. The court then took sworn testimony from Jeffrey Tamaroff, who was both an individual defendant and the corporate representative for defendant Tamaroff Motors, Inc. Tamaroff likewise agreed to the terms of the settlement. An order dismissing the case with prejudice, signed by the parties, was entered the same day.

The day after agreeing to settle the case, plaintiff filed a motion asking the trial court to invalidate the settlement agreement. He asserted that, because he had no opportunity to present evidence supporting his claim for damages, and because the court had denied his request for discovery along with motion for a stay pending appeal, "[t]he totality of it all was in substance a virtual and undeniable Court order to settle." On September 19, 2023, the trial court entered an opinion and order denying plaintiff's motion to invalidate the settlement agreement. The court noted that plaintiff had failed to cite any authority in support of the relief requested, and concluded that that failure alone warranted denial of the motion, citing *Walters v Nadell*, 481 Mich 377; 751 NW2d 431 (2008). Referencing the hearing record, the trial court observed that plaintiff had freely and voluntarily agreed to settle the matter, and stated that it found "no basis to set aside the settlement agreement in this matter."

This appeal followed.

## II. STANDARDS OF REVIEW

This Court reviews a trial court's decision on a motion to set aside a settlement agreement for an abuse of discretion. *Vittiglio v Vittiglio*, 297 Mich App 391, 397; 824 NW2d 591 (2012).

Whether a party was afforded due process is a constitutional issue this Court reviews de novo. *CAJ v KDT*, 339 Mich App 459, 464; 984 NW2d 504 (2021). A trial court's evidentiary rulings are reviewed for an abuse of discretion, while preliminary questions of law regarding the admissibility of evidence are reviewed de novo. *In re Martin*, 316 Mich App 73, 80; 896 NW2d 452 (2016). A trial court's decision to grant or deny discovery is also reviewed for an abuse of discretion. *In re CADP*, 341 Mich App 370, 379; 990 NW2d 386 (2022). A trial court abuses its discretion when it reaches a decision which is outside the range of reasonable and principled outcomes. *Id.*

Whether this Court has jurisdiction is an issue we review de novo. See *Wardell v Hincka*, 297 Mich App 127, 131; 822 NW2d 278 (2012).

### III. JURISDICTION

We first address defendants' contention that this Court lacks jurisdiction over this appeal because plaintiff stipulated to dismissal of the case, but did not reserve the right to appeal.[6]

This Court has jurisdiction over appeals of right filed by an "aggrieved party" from a "final judgment or final order" of the circuit court. MCR 7.203(A)(1). A final judgment or order is defined as "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order . . . ." MCR 7.202(6)(a)(i).

In *Jaber v P & P Hospitality, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363572), slip op at 3, this Court recently addressed whether it "has jurisdiction over a claim of appeal taken from a stipulated final order when the issue on appeal derives from an earlier interlocutory order relating to another party but the appellant did not reserve the right to appeal that issue in the stipulated final order." This Court acknowledged the general rule that parties may not appeal the merits of a final order to which they consented, but also recognized that it "has jurisdiction over an aggrieved party's issues related to the earlier order even absent a reservation of the right to appeal in a later stipulated order." *Id*. at ___, slip op at 6. This Court also recognized its discretion to treat a defective claim of appeal as an application for leave to appeal, and observed that this Court has "treated a portion of a claim of appeal as a granted application for leave to appeal when considering a challenge to subject-matter jurisdiction, even when the parties to a consent judgment were the same as those affected by an earlier interlocutory order." *Id*. at ___, slip op at 10, citing *New Covert Generating Co LLC v Twp of Covert Twp*, 334 Mich App 24, 47; 964 NW2d 378 (2020). Thus, this Court acknowledged that a party to a stipulated final order may appeal some earlier orders involving the same parties.

We therefore consider plaintiff's appellate objections to the extent that they effectively constitute challenges to the trial court's orders to preclude any mention of a sum certain at trial, or to allow further discovery.

### IV. MOTION TO SET ASIDE THE SETTLEMENT AGREEMENT

"[S]ettlements are favored by the law, and therefore will not be set aside except for fraud, mutual mistake, or duress." *Clark v Al-Amin*, 309 Mich App 387, 395; 872 NW2d 730 (2015). "The finding of the trial court concerning the validity of the parties' consent to a settlement agreement will not be overturned absent a finding of an abuse of discretion." *Vittiglio*, 297 Mich App at 400 (quotation marks and citation omitted). Plaintiff does not assert fraud or mutual mistake, and his claim of duress does not withstand scrutiny.

---

[6] Defendants raised the issue of this Court's jurisdiction in a motion to dismiss this appeal. This Court denied the motion, without explanation. *Griggs v Tamaroff Motors Inc*, unpublished order of the Court of Appeals, issued May 21, 2024 (Docket No. 367992). Likewise defendants' motion for reconsideration. *Griggs v Tamaroff Motors Inc*, unpublished order of the Court of Appeals, issued July 12, 2024 (Docket No. 367992).

Plaintiff contends that he did not voluntarily agree to settle, but had no reasonable choice because of the limitations imposed by the trial court's orders. We disagree.

Plaintiff's statement of the question presented frames the issue as a violation of his right to due process. However, after this statement of the question, the phrase "due process" disappears from plaintiff's brief, and plaintiff cites no caselaw, statutes, or constitutional provisions in support. "[T]his Court will not search for authority to support a party's position, and the failure to cite authority in support of an issue results in its being deemed abandoned on appeal." *Goldstone v Bloomfield Twp Pub Library*, 268 Mich App 642, 658; 708 NW2d 740 (2005) (quotation marks and citation omitted), aff'd 479 Mich 554; 737 NW2d 476 (2007).

In any event, the record does not support plaintiff's assertion of a due process violation. "Due process is a flexible concept that applies to any adjudication of important rights." *Thomas v Pogats*, 249 Mich App 718, 724; 644 NW2d 59 (2002). Due process requires safeguards to ensure fundamental fairness, which includes consideration of the private interest implicated, the risk of erroneous deprivation of that interest, the value of additional or substitute procedures, and "the state or government interest, including the function involved and the fiscal or administrative burdens imposed by substitute procedures." At a minimum, due process requires that a deprivation of life, liberty, or property be preceded by a meaningful opportunity to be heard. *CAJ*, 339 Mich App at 468. "The opportunity to be heard does not mean a full trial-like proceeding, but it does require a hearing to allow a party the chance to know and respond to the evidence." *Galien Twp Sch Dist v Dep't of Ed*, 310 Mich App 238, 243; 871 NW2d 382 (2015) (quotation marks and citation omitted).

In this case, plaintiff was provided the opportunity to present his evidence, and to respond to defendants' evidence, in a hearing on damages before a jury. However, with the jury pool waiting outside the courtroom, plaintiff requested, and was granted, a conference with defendants' counsel, after which the parties agreed to settle the case. As noted, plaintiff stated on the record that he agreed with the terms of the settlement, and had not been pressured. The court asked plaintiff if he understood that, with his agreement to settle, the case would be "resolved forever." Plaintiff's answer, under oath, was yes. Thus, plaintiff waived the opportunity to present his evidence to the jury.

Plaintiff additionally argues that he was pressured to agree to a settlement because the trial court's order precluding any mention of a sum certain prevented him from presenting his case to the jury, and asserts that this pressure stemmed from this Court's erroneous conclusion, in *Griggs I*, that his complaint did not seek a sum certain. Indeed, in his request for relief, plaintiff requests that this Court modify its opinion in *Griggs I*. We are not at liberty to do so, because of operation of the doctrine of the law of the case. We disagree with plaintiff's assertion that this Court erred in *Griggs I* in any event, but before we address that issue, we will discuss plaintiff's apparent confusion regarding the term "sum certain" as it applies to the present case.

Plaintiff did not appear to understand the effect of the order issued by the court, granting defendants' motion in limine regarding sum certain, which merely precluded plaintiff from using the term "sum certain," at the time of trial. By way of example, the court's order would have precluded plaintiff from making an argument to the jury that, based on MCR 2.603(B)(2)(a), because defendants had been defaulted, he was entitled to damages of a sum certain. Plaintiff

appears to have misunderstood the issue and believed that the order precluded him from arguing that he was entitled to $33,820. But the trial court made very clear that plaintiff could introduce as evidence all of his evidence of damages, which would have included the amount he paid for the vehicle, $33,829; he was simply precluded from referring to that amount as a "sum certain." In other words, while plaintiff was permitted to argue that he was entitled to a verdict in the amount of $33,829 (plus other damages), or some other amount supported by evidence, he could not argue to the jury that any law entitled him to entry of a verdict for a "sum certain."

While we are sympathetic to the fact that plaintiff did not appear to understand the effect of the order precluding him from referencing the term "sum certain," plaintiff is held to the same standard in this matter as would a member of the bar. See *Baird v Baird*, 368 Mich 536, 539; 118 NW2d 427 (1962).[7] Regardless of what may have been said about the sum certain issue during the final pretrial hearing, the Michigan Supreme Court has long held that a court speaks though its orders. *Johnson v White*, 430 Mich 47, 53; 420 NW2d 87 (1988). The order issued by the trial court plainly said that plaintiff "is precluded from mentioning or referring to Sum Certain at the trial to be held on September 11, 2023." The order did not preclude plaintiff from introducing the purchase price of $33,829 as evidence at trial.

Turning to *Griggs I*, unpub op at 5, where this Court concluded that plaintiff's amended complaint "unambiguously does not seek a 'sum certain,' notwithstanding its inclusion of a request for a specified sum," this conclusion now stands as the law of the case. Under the law-of-the-case doctrine, an appellate court's decision on a legal issue is binding on the trial court on remand and on this Court in a subsequent appeal. *Rott v Rott*, 508 Mich 274, 286; 972 NW2d 789 (2021). Accordingly, when the facts remain materially the same, a legal question will generally not be decided differently in a subsequent appeal in the same case. *Id*.

Moreover, plaintiff's contention that, in *Griggs I*, this Court erred by affirming the trial court's determination that the complaint failed to state a sum certain because "the trial court never made that determination in the first place, and the issue was never appealed, nor briefed by the parties," is incorrect. Plaintiff cites the transcript of an October 25, 2017 hearing regarding the default and default judgment as evidence that the trial court believed that plaintiff had adequately stated a sum certain. However, plaintiff ignores that the trial court subsequently entered an order granting defendants' motion for reconsideration and stating that its review of the complaint revealed no computation by which the damages requested could be made certain, thus clearly finding that the complaint failed to state a sum certain. Indeed, plaintiff acknowledged the trial court's finding regarding a sum certain in his subsequent motion for reconsideration of the trial court's order setting aside the default.

Plaintiff also makes issue of the trial court's decision not to permit him to engage in discovery below, by asking this Court to remand the case "to permit him to conduct meaningful investigations and discovery of facts to adequately prepare his case for a fair trial or for fair settlement negotiations." Assuming without deciding that the trial court erred by concluding that

---

[7] We note that, in an early hearing conducted in this matter, on August 16, 2017, the trial court properly informed plaintiff: "I do have to hold you to the same standards that I would hold an attorney in proceeding in these matters."

this Court's decision in *Griggs II* prohibited it from allowing any proceedings, including discovery, other than a hearing on damages, we would conclude that the error does not require reversal of the consent order dismissing this case. Plaintiff has cited no authority, either below or on appeal, to support his request for discovery. "If a party fails to adequately brief a position, or support a claim with authority, it is abandoned." *MOSES Inc v SEMCOG*, 270 Mich App 401, 417; 716 NW2d 278 (2006). Moreover, plaintiff failed to specify what evidence might have been obtained through discovery in this simple contract dispute, where the only remaining issue was the amount of plaintiff's damages.[8] Accordingly, plaintiff has failed to show that any limitations on his opportunities for further discovery resulted in a miscarriage of justice. See MCL 769.26.

For these reasons, we affirm the trial court's determinations that plaintiff had freely and voluntarily agreed to settle this matter, and provided "no basis to set aside the settlement."

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Anica Letica
/s/ Randy J. Wallace

---

[8] Based on the record before us, it appears very unlikely that defendants possessed additional evidence of plaintiff's damages that was not already in plaintiff's possession.